# DRAINAGE COMMISSIONERS OF THE TOWNS OF SIDELL AND VANCE

### v.

## DAVID SCONCE ET AL.

*Drainage—Act of 1885, Sec. 45—Injury to Ditch by Cattle.*

Sec. 45 of the act of 1885, contemplates the right of the owner or occupant of land to pasture cattle therein without fencing an open ditch, part of a drainage system, subject to liability for injuries thereto, resulting from such use.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. W. R. LAWRENCE, for appellants.

Under the Drainage Act of 1879 (see Sess. Laws, 1879, p. 142), the commissioners are a body corporate and have the control of ditches within their respective districts. Section 38 of this act provides that they shall keep the drains in good order. This drain is as much a public way as a public road, and an obstruction in it is likely to produce much more serious consequences than an obstruction in a highway, for it tends to destroy the very object for which it was made. It is practically impossible to estimate the injury that would result from stopping the flow of water in a ditch that drains a large scope of country, for each owner of lands above the obstruction will, to some extent, be injured by reason of the backing of water upon the lands. An injury of this kind, if within the scope of a court of law to render compensation, could only be done by a multiplicity of suits.

The obstruction is a public nuisance, and may be restrained by injunction. Green v. Oakes, 17 Ill. 249; Earp v. Lee, 71 Ill. 193; People, etc., v. St. Louis, 5 Gilm. 351; Wahle v. Reinbach, 76 Ill. 322.

Irreparable injury is not such as is beyond possibility of

repair, or possible compensation, or necessarily great injury, but a species of injury that ought not to be submitted to or inflicted; nor because so large, or so small, but of such constant and frequent occurrence that no fair or reasonable redress can be had in a court of law. Wahle v. Reinbach, *supra*.

Messrs. E. R. E. Kimbrough and F. Bookwalter, for appellees.

The right to cultivate or pasture lands according to the pleasure of the owner is a right which inheres in the owner-ship of land. To say that one who holds the fee simple title, and who has the occupancy of a piece of land also, can not cultivate or pasture it as he desires, is to assert that some one else has a paramount right or control over the land. Such an assertion abridges the rights and powers which belong to and inhere in the ownership of land.

Section 18 of the Drainage Act of 1885 (see Sess. Laws, 1885, page 83), provides for obtaining the release of the right of way for a ditch; which release shall be a perpetual bar to all claims for damages on account of the construction of such ditch.

The damages here contemplated, it seems evident to us, are the damages which the owner will sustain by tramping his fields, turning, digging and removing his soil, and by acceler-ating the flow of water upon his land, occasioned by the "construction" of a ditch. This section does not contem-plate, nor did the Legislature ever intend it to include dam-ages occasioned by the construction of a double line of fences.

Section 45, above cited, provides for cleaning out obstruc-tions to ditches by animals tramping therein. The two sections, taken with the general spirit of the act, make it plain to us that it was never contemplated by the Legislature that one who gave a drainage district the right of way across his lands included in such gift the obligation to build and maintain a double line of fence along all drains which might be constructed upon his premises. Neither is it contemplated that such drains should be fenced at all.

The drains of a drainage district are for the common good of all within the territorial boundaries of such district. The

burden of constructing and maintaining the drains should be borne by all in proportion to the benefits received. He whose land is incumbered by the accelerated flow of water from lands above, occasioned by digging a ditch, should not be divested of the ordinary rights and privileges which he enjoyed before such ditch was dug; nor should he be required to bear alone the burden which should be borne by the drainage district as a corporate body.

There is no allegation in appellants' bills that the pretended injury to such ditches is wanton or wilful. It is only the ordinary and natural injury which is occasioned by stock going down into the ditch to water and then out of the ditch to feed. It is just such damage, as it seems to us, as is occasioned by the use of a public highway. The requirement of the statute before cited is certainly harsh enough when it compels a man to repair damages occasioned by the ordinary and usual use which one makes of his land. The propositions made and the authorities cited by appellants do not seem to us to apply to the case at bar. Public highways are for the use of the whole body of the people. Drainage districts are for the benefit only of those within the boundaries of such districts.

WALL, J. This was a bill in chancery averring that under and by virtue of the statutes of the State of Illinois providing for the organization of drainage districts and the construction and maintenance of drains a ditch known as No. 4 has been constructed in said towns, is now being maintained, and is under their charge and control; that said ditch passes through the lands of David F. Sconce, Charles Fisher, John Trisler and Jacob Hill; that the same is not fenced and that said persons permit their live stock to go into and across said ditch, thereby causing the same to fill up and become obstructed to an extent that materially impairs and injures the same and causes it to become difficult and expensive to repair. The complainants show that the right of way, sixteen feet in width, for said ditch, and now occupied by it, through the lands of said persons, has been duly condemned and obtained by said commissioners, as provided by the statute in such

cases; that they have no adequate remedy at law against said persons, because they say that said ditch drains a large scope of country, and the extent to which the land above said obstructions will be injured thereby, can not be determined until the said injury shall become practically irreparable.

Inasmuch, therefore, as they are without relief except in a court of equity, they pray for the issue of the writ of injunction to restrain and prevent said persons, and each of them, their agents, servants and tenants, from allowing their live stock to enter said ditch, or upon any part of the said right of way; that upon the final hearing said injunction be made perpetual; that said persons, David F. Sconce, Charles Fisher, John Trisler and Jacob Hill be made parties defendant to this bill, and be required to answer the same, but not under oath, the same being waived; that the usual summons issue, and for such other and further relief as may be equitable.

By a supplemental bill it was averred that defendants Trisler and Hill had fenced the ditch where it passed through their land, wherefore the original bill was dismissed as to them; it was also averred that since said original bill was presented to the master in chancery of this court, and an injunction was asked thereunder, and was refused by said master, as appears by his indorsement thereon, they have caused to be constructed across the drain through the land of the defendant David E. Sconce, and also across the drain that passes through the land of the defendant Charles Fisher, good and sufficient bridges, for the passage over of loaded wagons and live stock, as provided by the statute in such cases; that said bridges are now in good, passable condition, and offer to said defendants safe and sufficient crossings to their respective tracts of land divided by said drains or ditches; and complainants charge, under information and belief, that defendants Sconce and Fisher are still permitting their live stock to go into and across said ditch, and are thereby filling up the same with earth and rubbish tramped therein from the banks of said ditch, and by reason of said tramping by said live stock the said ditches are being permanently and seriously injured, as alleged in their

original bill herein, and that said defendants, unless restrained by an order of this court, will cause said ditch to be destroyed or greatly impaired. Wherefore they pray as they have in their original bill herein.

The court sustained a demurrer to the original and supplemental bill, and the complainants electing to stand by their bills, a decree was entered dismissing the same at the cost of complainants, from which they prayed an appeal to this court. We are of opinion the demurrer was properly sustained. By Sec. 45 of the Drainage Act of 1885 (Session Laws 1885, 92) it is provided that whenever the owner or occupant of land in a drainage district shall permit animals to pasture in an inclosed field, through which runs an open ditch, being part of a combined system of drainage, said owner or occupant shall repair such damage to the ditch as may be done by the animals, and if he neglects to do so the commissioners may make the repairs and require the owner or occupant to pay the amount of the same to the treasurer of the district, and in case of omission to do so for ten days after such requirement is made in writing, then the commissioners may proceed to collect the same by suit at law in the name of the district before any court having jurisdiction.

This section clearly contemplates the right of the owner or occupant of the land to pasture whenever he may think proper without fencing, subject only to liability for any injury thereby done to the ditch, for which a distinct legal remedy is provided.

The bill contains no averment to show that such remedy is inadequate in the present instance. The decree will be affirmed.

*Decree affirmed.*